**In The**

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-23-00269-CR**

_____

**JORGE PINEDA GUZMAN, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

_____

**On Appeal from the 253rd District Court**
**Liberty County, Texas**
**Trial Cause No. 22DC-CR-00368**

_____

**MEMORANDUM OPINION**

A jury found Appellant Jorge Pineda Guzman guilty of the first-degree felony offense of aggravated assault family violence with a deadly weapon causing serious bodily injury. *See* Tex. Penal Code Ann. § 22.02(a)(2), (b)(1)(A).[1] The jury assessed Guzman's punishment at life in prison and assessed a $10,000 fine.

---

[1] We cite to the current version of the statute because the subsequent amendments do not affect the outcome of this appeal.

On appeal, Guzman's appellate counsel filed an *Anders* brief that presents counsel's professional evaluation of the record and concludes the appeal is frivolous. *See Anders v. California*, 386 U.S. 738 (1967); *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. 1978). On April 9, 2024, we granted an extension of time for Guzman to file a pro se brief. Guzman filed a pro se brief in response.

The Court of Criminal Appeals has held that we need not address the merits of issues raised in *Anders* briefs or pro se responses. *Bledsoe v. State*, 178 S.W.3d 824, 826-27 (Tex. Crim. App. 2005). Rather, an appellate court may determine either: (1) "that the appeal is wholly frivolous and issue an opinion explaining that it has reviewed the record and finds no reversible error[;]" or (2) "that arguable grounds for appeal exist and remand the cause to the trial court so that new counsel may be appointed to brief the issues." *Id.*

We have determined the appeal is wholly frivolous. We have independently reviewed the appellate record, and we agree with counsel's conclusion that no arguable issues support the appeal. *See id.* Therefore, we find it unnecessary to order appointment of new counsel to re-brief the appeal. *Cf. Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991). We affirm the trial court's judgment.[2]

---

[2] Guzman may challenge our decision in this case by filing a petition of discretionary review with the Texas Court of Criminal Appeals. *See* Tex. R. App. P. 68.

AFFIRMED.

JAY WRIGHT
Justice

Submitted on August 5, 2024
Opinion Delivered August 14, 2024
Do Not Publish

Before Johnson, Wright and Chambers, JJ.